UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
VINCENT S. COLLINS,    **MEMORANDUM AND ORDER**
                                       21-CV-1066 (RPK) (JRC)
                Plaintiff,

    -against-

LIZETTE WAJAH,

               Defendant.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Vincent S. Collins filed this action under 42 U.S.C. § 1983 against Lizette Wajah, director of an organization that provides residential services to plaintiff. Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted, but the complaint is dismissed because it fails to state a claim. Plaintiff may file an amended complaint within 30 days of this order.

## BACKGROUND

Using a form complaint, plaintiff has filed a lawsuit against Ms. Wajah seeking money damages. *See generally* Compl. (Dkt. #1). The complaint states that Ms. Wajah is affiliated with "ICL," Compl. at 1—an apparent reference to the Institute for Community Living, an organization that provides housing services. *See* Institute for Community Living, Inc., https://iclinc.org (last visited May 13, 2021); *see also* Compl. at 2, 8. According to the complaint, Ms. Wajah is "a director of [the] facility" at the address where plaintiff resides. Compl. at 5.

In his complaint, plaintiff alleges that he previously filed a lawsuit against Ms. Wajah in state court after Ms. Wajah "slander[ed him] by calling [him] a child molester." Compl. at 5. Plaintiff alleges that Ms. Wajah and her employees "stole [plaintiff's] mail and paperwork for litigation out [of his] room" while plaintiff was not there. *Id.* at 4; *see id.* at 5. Plaintiff invokes

1

42 U.S.C. § 1983 as a basis for jurisdiction, *id*. at 4, and he alleges that Ms. Wajah's actions violated 18 U.S.C. § 1708, a criminal statute that prohibits the theft of mail, and "U.S. Civil Statute § 7-601." *Id*. at 4, 8.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must similarly dismiss any civil suit filed by an incarcerated person seeking redress from a governmental entity or from government officers or employees "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any

indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

### DISCUSSION

Plaintiff has failed to state a claim against Ms. Wajah under any of the statutory provisions that he cites.

### I. Section 1983

Plaintiff has not stated a claim against Ms. Wajah under 42 U.S.C. § 1983. Section 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quotations omitted). Private actors can be liable for misconduct under Section 1983 only if "the alleged infringement of federal rights" is "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). To establish this nexus, a plaintiff seeking to hold a defendant liable for private conduct under Section 1983 must allege that (i) "the State compelled the conduct"; (ii) "there is a sufficiently close nexus between the State and the private conduct"; or (iii) "the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (citation omitted).

The complaint does not allege that Ms. Wajah was acting under color of state law in providing residential services. Nor does plaintiff allege any facts raising the reasonable inference that Ms. Wajah's conduct was "fairly attributable to the State." *Rendell-Baker*, 457 U.S. at 838; *see, e.g.*, *Jones v. Banks*, No. 20-CV-6788, 2020 WL 5038696, at *5 (S.D.N.Y. Aug. 26, 2020) ("Providing housing is not a public function because it is not the exclusive province of the state."); *Calvino v. Chance*, No. 20-CV-346, 2020 WL 419814, at *2 (S.D.N.Y. Jan. 27, 2020); *George v.*

3

*Pathways to Hous., Inc.*, No. 10-CV-9505, 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012). Because Ms. Wajah is a private citizen not alleged to have been acting under color of state law, plaintiff's Section 1983 claim is dismissed.

## II.     Section 1708

To the extent that plaintiff seeks to press a separate claim under 18 U.S.C. § 1708, that claim must also be dismissed. Section 1708 is a criminal statute that makes the theft or receipt of stolen mail punishable by imprisonment, fine, or both. As a private party, plaintiff lacks standing to bring a criminal action under this provision. *See Leeke v. Timmerman*, 454 U.S. 83, 85-87 (1981); *Ostrowski v. Mehltretter*, 20 F. App'x 87, 91 (2d Cir. 2001); *see also, e.g.*, *Pierre v. U.S. Postal Serv.*, No. 18-CV-7474, 2019 WL 653154, at *3 (E.D.N.Y. Feb. 15, 2019); *Torres v. Blackstone Grp.*, No. 18-CV-6434, 2019 WL 4194496, at *3 (S.D.N.Y. Sept. 3, 2019), *aff'd*, 836 F. App'x 49 (2d Cir. 2020). Accordingly, any claim that plaintiff seeks to bring under 18 U.S.C. § 1708 is dismissed.

## III.    U.S. Civil Statute § 7-601

Plaintiff has not identified any other federal provision under which his allegations state a claim. While his form complaint refers to "U.S. Civil Statute § 7-601," there is no portion of the U.S. Code that bears that designation.

## IV.    Leave to Amend

Plaintiff may file an amended complaint within 30 days to remedy the deficiencies described above. If plaintiff wishes to pursue a claim against a private actor under 42 U.S.C. § 1983, plaintiff must set forth a basis to conclude that the defendant was acting under color of state law. In addition, plaintiff must explain what each named defendant did or failed to do that violated plaintiff's rights.

## CONCLUSION

The complaint is dismissed. Plaintiff may file an amended complaint as described above within 30 days. The new complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order. All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: Brooklyn, New York
       May 13, 2021