UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VINCENT S. COLLINS,                                    **MEMORANDUM AND ORDER**
                                                       21-CV-1066 (RPK) (JRC)
                    Plaintiff,

        -against-

LIZETTE WAJAH; ERIC SMITH;
JORDAN DOE; KENNETH THOMAS;
and JOHN DOE, Mailman,

                    Defendants.
-------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Vincent S. Collins filed this action on March 11, 2021. Compl. (Dkt. #1). By order dated May 13, 2021, plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted, and the complaint was dismissed because it failed to state a claim. *See* Memorandum & Order (Dkt. #7). Plaintiff timely filed an amended complaint. *See* Am. Compl. (Dkt. #8). For the reasons below, the amended complaint is dismissed for failure to state a claim.

## BACKGROUND

Using a form complaint, plaintiff filed this lawsuit against five individuals, alleging that they interfered with his mail in violation of a federal statute and seeking money damages. *See* Am. Compl. at 6-8. Plaintiff alleges that Eric Smith and Kenneth Thomas, caseworkers at the facility where plaintiff resides, and Jordan Doe, an employee of the facility, entered plaintiff's apartment "to steal" his paperwork related to a case pending in the Supreme Court of New York. *Id.* at 2-3, 6-7; *see* Institute for Community Living, Inc., https://iclinc.org (last visited May 31, 2021). Plaintiff alleges that program director Lizette Wajah failed to prevent the alleged offense, and that an unnamed mail carrier "gave [plaintiff's] mail to the staff" of the facility. Am. Compl. at 7. Plaintiff alleges that defendants' actions violated 18 U.S.C. § 1708, a criminal statute that prohibits

1

the theft of mail; 18 U.S.C. § 2255, which sets forth civil remedies for personal injuries suffered by minors who were victims of sexual abuse; 18 U.S.C. § 2112, a criminal statute that prohibits the robbery of personal property belonging to the federal government; and 10 U.S.C. § 921, a provision of the Uniform Code of Military Justice. *See id*. at 5.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must similarly dismiss any civil suit filed by an incarcerated person seeking redress from a governmental entity or from government officers or employees "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

## DISCUSSION

Plaintiff fails to state a claim against defendants based on any of the statutory provisions that he cites.

### I. Sections 1708 and 2112

Plaintiff cannot state a claim against defendants under 18 U.S.C. § 1708 or 18 U.S.C. § 2112. Section 1708 is a federal criminal statute that makes the theft or receipt of stolen mail punishable by imprisonment, fine, or both. Section 2112 is a federal criminal statute that makes the robbery or attempted robbery of personal property belonging to the United States punishable by imprisonment of up to 15 years. As explained in the Court's order dismissing the original complaint, *see* Memorandum & Order at 4, plaintiff does not have standing to prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Ostrowski v. Mehltretter*, 20 F. App'x 87, 91 (2d Cir. 2001); *see also, e.g.*, *Pierre v. U.S. Postal Serv.*, No. 18-CV-7474, 2019 WL 653154, at *3 (E.D.N.Y. Feb. 15, 2019). Accordingly, any claim that plaintiff seeks to bring under 18 U.S.C. § 1708 or 18 U.S.C. § 2112 is dismissed.

### II. Section 2255

Plaintiff also fails to state a claim under 18 U.S.C. § 2255. That section sets forth civil remedies for personal injuries suffered by minors who were victims of sexual abuse. But plaintiff does not allege that he suffered personal injury as a result of sexual abuse or otherwise explain how this statute is relevant to the instant action. *See generally* Am. Compl. Accordingly, any claim that plaintiff seeks to bring under 18 U.S.C. § 2255 is dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (noting that a claim filed *in forma pauperis* may be dismissed where

its "factual contentions are clearly baseless" or it "lacks even an arguable basis in law"); *see also*, *e.g.*, *Morse v. Kirven*, No. 18-CV-6702, 2018 WL 8805393, at *2 (W.D.N.Y. Oct. 2, 2018) (dismissing *pro se* plaintiff's claim under federal statutes that were "not relevant to anything about which Plaintiff [was] complaining"); *Vazquez v. Littles*, No. 06-CV-5399, 2006 WL 3359072, at *2 n.3 (E.D.N.Y. Nov. 17, 2006) (dismissing *pro se* plaintiff's claim under Title VII because plaintiff "ha[d] alleged no employment context here, so that statute [was] not relevant").

### III. Section 921

Plaintiff fails to state a claim under 10 U.S.C. § 921, which provides that "[a]ny person subject" to the Uniform Code of Military Justice who is "found guilty of larceny or wrongful appropriation shall be punished as a court-martial may direct." Plaintiff has not suggested that defendants are subject to the provisions of the Uniform Code of Military Justice. Any claim that plaintiff seeks to bring under 10 U.S.C. § 921 is therefore dismissed. *See, e.g.*, *Marshall v. Marshall*, No. 15-CV-6808, 2016 WL 393526, at *3 (E.D.N.Y. Jan. 31, 2016) (dismissing *pro se* plaintiff's claim under Section 921 because plaintiff "ha[d] not suggested that [defendant was] a member of the armed forces or otherwise subject to the provisions of the Uniform Code of Military Justice").

### IV. Leave to Amend

While a *pro se* plaintiff should generally be granted leave to amend a complaint at least once, *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), plaintiff has already amended the complaint once, and even under a liberal reading, the amended complaint fails to state any federal cause of action. The core of plaintiff's grievance is that employees of the facility where he lives took his mail without his consent, but plaintiff has not identified any federal statute that provides

a civil cause of action for that conduct.  The Court finds that further amendment would be futile and therefore the amended complaint is dismissed with prejudice.

## CONCLUSION

The amended complaint is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk of Court is respectfully directed to enter judgment closing the action and mail a copy of this order to plaintiff.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                            */s/ Rachel Kovner*
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated: Brooklyn, New York
        May 31, 2021